# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Betty L. Mills<br>*Formerly known as* Betty L. Spencer<br>    *Plaintiff*<br><br>v.<br><br>River Heights Capital, LLC<br>    *Defendant*<br>Serve:<br>    Richard C. Slater<br>    7302 Yellowstone Road<br>    Cheyenne, WY 82009<br><br>Glennon Law Firm, LLC<br>    *Defendant*<br>Serve:<br>    Thomas Glennon<br>    345 Tusculum Avenue<br>    Cincinnati, OH 45226 | Case No. 3:24-cv-496-BJB |

## VERIFIED CLASS ACTION COMPLAINT
## and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action by Plaintiff Betty L. Mills, formerly known as Betty L. Spencer, as an individual Kentucky consumer and on behalf of a class of similarly situated Kentucky consumers against Defendants River Heights Capital, LLC and Glennon Law Firm, LLC (jointly "Defendants") for their joint and several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

Plaintiff individually on behalf of herself seeks actual damages, statutory damages, court costs, and attorney fees against Defendants jointly and severally. Plaintiff also seeks to be appointed as class representative to represent and seek actual damages, statutory damages, court costs and attorney fees on behalf of a proposed class of Kentucky citizen consumers similarly situated as Plaintiff.

## JURISDICTION and VENUE

2. Jurisdiction of this court arises under 28 U.S.C. §1331 and 15 U.S.C. §1692k. Venue is proper because the nucleus of relevant facts and events giving rise to Plaintiff's claims occurred in Oldham County, Kentucky, which is located within this District.

## PARTIES

3. Plaintiff Betty L. Mills, formerly known as Betty L. Spencer, is a natural person who resides in Oldham County, Kentucky and a "consumer" within the meaning of the FDCPA as defined at 15 U.S.C. § 1692a(3).

4. Defendant River Heights Capital, LLC ("River Heights") is a Wyoming limited liability company not registered with the Kentucky Secretary of State whose principal place of business is located at 7302 Yellowstone Road, Cheyenne, WY 82009.

5. River Heights is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

6. Defendant Glennon Law Firm, LLC ("Glennon Law") is an Ohio limited liability company not registered with the Kentucky Secretary of State whose principal place of business is located at 345 Tusculum Avenue, Cincinnati, OH 45226.

7. Glennon Law is a "debt collector" as defined by the FDCPA at 15 U.S.C. §1692a(6) inasmuch as it regularly collects consumer individual debts of natural persons who are citizens of Kentucky as part of its business operations using instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## STATEMENT OF FACTS

8. In 2007, Plaintiff Betty L. Mills, formerly known as Betty L. Spencer ("Mills"), opened a credit card account (the "Account") originated by Citibank (South Dakota), N.A. ("Citibank").

9. Ms. Mills used the Citibank Account for personal, family and/or household purposes, making the debt that arose out of the Citibank Account a "debt" within the meaning of the FDCPA.

10. Ms. Mills subsequently defaulted on the Citibank Account, and in 2010 Citibank

sold the debt arising out of the Citibank Account to Unifund CCR, LLC ("Unifund").

11. On February 19, 2013, Unifund filed the case of *Unifund CCR, LLC v. Betty M. Spencer* in the Oldham District Court of Oldham County, Kentucky under case number 13-C-00145 (the "State Court Lawsuit").

12. Unifund subsequently moved for default judgment and on June 7, 2013 the Oldham District Court entered a default judgment in the State Court Lawsuit (the "Default Judgment"). A true and accurate copy of the Default Judgment is attached hereto as Exhibit "A."

13. The Default Judgment awarded Unifund a principal amount of $4,699.46, plus interest from the date of judgment at the rate of 12.00% per annum, which was the statutory rate of interest on judgments under Kentucky law (KRS 360.040) as was then in effect on June 7, 2013.

14. On May 5, 2024, Defendant River Heights Capital, LLC ("River Heights"), by and through an attorney of Defendant law firm Glennon Law Firm, LLC ("Glennon Law"), filed a Notice of Assignment in the record of the State Court Lawsuit which stated that on February 24, 2023, Unifund had assigned all right, title, and interest in the Default Judgment to River Heights, along with thirty-one (31) additional judgments. A true and accurate copy of the Notice of Assignment is attached as Exhibit "B."

15. On May 28, 2024, River Heights, by means of Glennon Law as its counsel, filed a Non-Wage Garnishment in the State Court Lawsuit (the "Garnishment") and served same on Ms. Mills's financial institution. A true and accurate copy of the Garnishment is attached as Exhibit "C."

16. The Garnishment stated, and represented to Ms. Mills's financial institution, that a total amount of $10,870.09 was due and owing on the judgment as of the date of the Garnishment.

17. The amount of $10,870.09 represents the principal sum of $4,699.46 plus simple interest at the statutory rate of 12% per annum pursuant to KRS 360.040 from the date of the Default Judgment to the date of the Garnishment.

18. The Kentucky rate of statutory post-judgment interest awarded in a judgment is set by the Kentucky Legislature by KRS 360.040 and any change of that rate affects prior existing judgments when the on the effective date of an amendment and interest thereafter accrues at the new rate set by the Legislature on all such unsatisfied judgments from the date of the amendment of KRS 360.040 forward. *Ridge v. Ridge,* 572 S.W.2d 859, 861 (Ky. 1978).

19. On June 29, 2017, KRS 360.040 was amended to reduce the statutory rate of interest

on judgments from 12% to 6%.

20. Calculated correctly at interest of 12% accruing on the principal amount of $4,699.46 from June 7, 2013 to June 28, 2017, and then interest at 6% accruing from June 29, 2017 (the date of amendment of KRS 360.040) to May 28, 2024 (the date of the Garnishment), the amount due and owing on the Default Judgment on the date of the Garnishment would have been $8,939.79—almost two thousand dollars *less* than the amount River Heights and Glennon Law actually stated in the Garnishment.[1]

21. On June 7, 2024, Ms. Mills's financial institution attached and forwarded $2,806.69 of funds from Ms. Mills' savings account to River Heights and Glennon Law, all of which funds were exempt from garnishment under Kentucky law.

22. Ms. Mills, by and through undersigned counsel, then challenged the Garnishment with the Oldham District Court on grounds that the funds attached by it were exempt from garnishment, and on July 16, 2024 the Oldham District Court ordered River Heights and Glennon Law to return all garnished funds to Ms. Mills.

23. Ms. Mills has incurred actual damages related to the Garnishment, including but not limited to attorney's fees incurred to undersigned counsel for challenging the Garnishment, a $125.00 non-refundable "garnishment processing fee" charged by Ms. Mills' financial institution, loss of use of the garnished funds for almost six weeks, and emotional upset and embarrassment.

24. River Heights and Glennon Law jointly and severally violated multiple sections of the federal FDCPA statute by *inter alia* attempting to collect post-judgment interest in excess of that allowed by Kentucky law, which violations each created a material risk of harm to Plaintiff and the interests of consumers recognized by Congress and which it sought to protect by enacting the FDCPA.

25. River Heights and Glennon Law have, within the past year prior to the filing of this Complaint, collected or attempted to collect statutory post-judgment interest awarded pursuant to KRS 360.040 in judgments from numerous Kentucky consumers without modifying the interest on the judgment to reflect the reduction of the statutory rate to 6% on June 29, 2017.

---

[1] For clarity's sake, this calculation excludes $25.00 in court costs for which River Heights and Glennon Law filed a bill of costs on June 11, 2024, which amount the clerk of court of the Oldham District Court subsequently endorsed on the Default Judgment.

## INDIVIDUAL CLAIMS FOR RELIEF

26. The foregoing acts and omissions of Defendants River Heights Capital, LLC ("River Heights") and Glennon Law Firm, LLC ("Glennon Law") as to Plaintiff Betty L. Mills, formerly known as Betty L. Spencer ("Mills"), individually constitute joint and several violations of the FDCPA which violations include, but are not limited to:

A. **Violation of 15 U.S.C. §1692e** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thereby using false, deceptive, or misleading representation or means in an attempt to collect a debt;

B. **Violation of 15 U.S.C. §1692e(2)(A)** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thereby falsely representing the status of a debt;

C. **Violation of 15 U.S.C. §1692e(5)** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thus taking an action against Plaintiff that it could not legally take in an attempt to collect a debt;

D. **Violation of 15 U.S.C. §1692e(10)** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thus using a false representation or deceptive means to attempt to collect a debt;

E. **Violation of 15 U.S.C. §1692f** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thereby using unfair or unconscionable means to attempt to collect a debt.

F. **Violation of 15 U.S.C. §1692f(1)** by attempting to collect statutory post-judgment interest from Ms. Mills at a rate in excess of that allowed by Kentucky law, thereby collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law.

## CLASS ALLEGATIONS

27. Plaintiff Betty L. Mills, formerly known as Betty L. Spencer ("Mills"), incorporates all paragraphs pleaded *supra* as if fully restated and set out herein after.

28. Plaintiff pursuant to Fed. R. Civ. P. 23 hereby files a proposed class action complaint as the proposed class action representative against Defendants River Heights Capital, LLC ("River Heights") and Glennon Law Firm, LLC ("Glennon Law"), jointly and severally, on behalf of classes of all persons in the Commonwealth of Kentucky similarly situated to Plaintiff

comprised of the following persons:

**CLASS I**

29. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 in favor of Unifund CCR, LLC or another judgment creditor for claims arising out of a "debt" within the meaning of the FDCPA in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. River Heights Capital, LLC received all right and title to the judgment against the consumer via assignment after June 29, 2017; and

C. River Heights Capital, LLC collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer at a rate in excess of 6% per annum.

**CLASS II**

30. All Kentucky persons/consumers who:

A. Have a judgment entered against them in any District or Circuit Court of the Commonwealth of Kentucky prior to June 29, 2017 in favor of a judgment creditor for claims arising out of a "debt" within the meaning of the FDCPA in which the judgment awards the judgment creditor statutory post-judgment interest pursuant to KRS 360.040; and

B. Glennon Law Firm, LLC appeared as counsel for the judgment creditor or remained as counsel for the judgment creditor after June 29, 2017; and

C. Glennon Law Firm, LLC collected or attempted to collect statutory post-judgment interest pursuant to KRS 360.040 from the consumer pursuant to the judgment entered against the consumer at a rate in excess of 6% per annum.

31. The proposed Classes as set out *supra* and represented by Plaintiff Betty L. Mills, formerly known as Betty L. Spencer, in this action, of which she herself is a member, consists of those persons as defined and which members of the proposed Classes are so numerous that joinder as parties of individual members is impracticable.

32. Plaintiff's claims are typical of the claims of the proposed Classes as set out *supra*.

33. There are common questions of law and fact applicable to the members of the proposed Classes in this action that relate to and affect the rights of each member of the proposed Classes, and the relief sought is common to the entirety of the proposed Classes because all members of the proposed Classes have the same issues of law in common as alleged *supra*.

34. There is no known conflict between Plaintiff and any other members of the proposed Classes with respect to this action, or with respect to the claims for relief herein set forth.

35. Plaintiff is the representative party for the proposed Classes and is able to and will fairly and adequately protect the interest of each of the proposed Classes.

36. Plaintiff's attorney is experienced and capable in the field of consumer rights, including violations of the FDCPA and other consumer rights statutes such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

37. Plaintiff's attorney has successfully represented other claimants in similar litigation.

38. The action is properly maintained as a class action in that the prosecution of separate actions by individual members of the proposed Classes would create a risk that individual adjudications could be dispositive of the interests of other members not a party to such adjudication or could substantially impair or impede their ability to protect their interest.

39. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the proposed Classes would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendants.

40. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the proposed class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the proposed Classes will be effective and appropriate for the entirety of each proposed class; and all members of the proposed Classes have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

41. The identity of each individual member of the proposed Classes can be ascertained from the books and records maintained by Defendants.

42. Because many of the persons who comprise the proposed class in this case may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Betty L. Mills, formerly known as Betty L. Spencer, requests that the Court grant her and all members of each of the Classes relief as follows:

1. Award Plaintiff and all members of the Classes the maximum statutory damages pursuant to 15 U.S.C. §1692k for Defendants' joint and several violations of the FDCPA;

2. Award Plaintiff and all members of each of the Classes their actual damages for Defendants' joint and several violations of the FDCPA;

3. Award Plaintiff and all members of each of the Classes their reasonable attorney's fees and costs pursuant to the FDCPA;

4. A trial by jury; and

5. Such other relief as the Court and law make Plaintiff and the members of the Classes entitled.

Submitted by:

/s/ James R. McKenzie
James R. McKenzie, KBA 81957
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Ave. Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
E-mail: jmckenzie@jmckenzielaw.com

-9-

## VERIFICATION

Comes the Plaintiff, Betty L. Mills, *formerly known as* Betty L. Spencer, after being duly sworn, and hereby verifies that the foregoing factual averments contained in this Verified Complaint are true and correct under penalty of perjury.

*[signature: Betty L. Mills]*

Betty L. Mills, *formerly known as* Betty L. Spencer
*Plaintiff*

STATE OF KENTUCKY  )
                   )
COUNTY OF JEFFERSON )

Subscribed to and sworn before me by Betty L. Mills this the 28th day of August, 2024.

*[signature]*

NORMAN BRIAN CUBBAGE
NOTARY PUBLIC, KYNP11776

My commission expires:  August 20, 2028.